**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIC ZEPEDA, individually and on behalf of similarly situated individuals,<br><br>        Plaintiff,<br><br>        v.<br><br>INTERCONTINENTAL HOTELS GROUP, INC., a Delaware corporation and KIMPTON HOTEL & RESTAURANT GROUP, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. 1:17-cv-05583<br><br>Honorable Robert W. Gettleman |

**DEFENDANT KIMPTON HOTEL & RESTAURANT GROUP, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Kimpton Hotel & Restaurant Group, LLC ("Kimpton"), by and through their attorneys, Seyfarth Shaw LLP[1], hereby submits its Answer to Complaint and Affirmative and/or Separate Defenses as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

This case is about a national hotel chain capturing, storing and using its workers' fingerprints in violation of Illinois law and without their informed written consent. Recognizing the serious harm that can come from unregulated collection and use of biometrics, Illinois passed detailed regulations addressing the collection, use and retention of biometric information by private entities, like Defendants. Choosing to shun more traditional timekeeping methods, Defendants instead implemented an invasive time tracking program that relied on the collection, storage, and use of workers' fingerprints and biometric information, while disregarding the relevant Illinois regulations and the privacy interests they protect.

**ANSWER:**

Kimpton denies the allegations in Paragraph 1 of the Complaint.

---

[1] Intercontinental Hotels Group, Inc. was named as a defendant in this case. However, service was executed on a different entity, InterContinental Hotels Group Resources, Inc. (hereinafter "IHGRI") on July 17, 2017. Therefore, neither entity is a proper party in this case.

**COMPLAINT ¶2:**

Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendants in collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information without informed written consent, in direct violation of the Illinois BIPA. 740 ILCS § 14/10.

**ANSWER:**

Kimpton admits that Plaintiff purports to bring the instant action under the Illinois

Biometric Information Privacy Act, 740 ILCS § 14/10 *et seq*. ("BIPA") as a class action for

damages and other legal and equitable relief. Kimpton denies that it violated BIPA or any other

laws, rules or regulations, denies that Plaintiff or the putative class members he purports to

represent are entitled to relief under BIPA, and denies that class treatment of Plaintiff's claim is

appropriate. Kimpton denies the remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

A "biometric identifier" is any personal feature that is unique to an individual and includes fingerprints, iris scans, palm scans, and DNA, among others. "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier which is used to identify an individual. 740 ILCS § 14/10.

**ANSWER:**

Kimpton denies that Paragraph 3 accurately summarizes or paraphrases the provisions of

BIPA. Kimpton denies the remaining allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

**ANSWER:**

Kimpton denies that Paragraph 4 accurately summarizes or paraphrases the provisions of

BIPA. Kimpton denies the remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

In recognition of the concern over the security of individuals' biometrics, the Illinois Legislature enacted the BIPA, which provides, *inter alia,* that private entities such as Defendants may not obtain and/or possess an individual's biometrics unless it first: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used; (3) received a written release from the person for the collection of her or her biometric identifiers information. Private entities are also required to publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15.

**ANSWER:**

Kimpton denies that Paragraph 5 accurately summarizes or paraphrases the provisions of

BIPA. Kimpton denies the remaining allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

In direct violation of the foregoing provisions, Defendants actively capture, collect, store, and use, without obtaining informed written consent or publishing their data retention and deletion policies, the biometrics of hundreds of their workers throughout the State of Illinois whose fingerprints are captured and stored for timekeeping and other purposes.

**ANSWER:**

Kimpton denies the allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

The workers' fingerprints are unique to each such worker, and Defendants' collection and use of the biometric data and information violates workers' substantive privacy rights protected under the BIPA and exposes workers to serious and irreversible privacy risks–risks that the BIPA was designed to avoid–including the ever-present risk of a data breach of Defendants' systems exposing Defendants' workers' biometrics to hackers and others wrongdoers worldwide.

**ANSWER:**

Kimpton denies the allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Defendants' practice of collecting fingerprints from all of their workers, regardless of their employment record is unlawful and a serious invasion of their workers' right to privacy in their biometric information. Defendants failed to provide the required disclosures to inform their workers that they were collecting their biometric identifiers and failed to inform them of how long they intended to keep this highly sensitive information. To the extent Defendants are still

retaining Plaintiff's biometric information, such retention is unlawful and a continuing infringement of his right to privacy in his biometric identifiers and biometric information. Unlike a social security number, which can be changed, no amount of time or money can compensate Plaintiff if his fingerprints are compromised by the lax procedures through which Defendants capture, collect, store and use their workers' biometrics.

**ANSWER:**

Kimpton denies the allegations in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to cease all unlawful activity related to their collection, storage and use of biometrics and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**ANSWER:**

Kimpton admits that Plaintiff purports to bring a class action under BIPA seeking an

injunction, an award of statutory damages, and costs and reasonable attorneys' fees. Kimpton

denies the remaining allegations in Paragraph 9 of the Complaint.

**PARTIES**

**COMPLAINT ¶10:**

Defendant IHG is a Delaware corporation that conducts, and is licensed to conduct, business in Illinois. IHG is headquartered in Georgia and operates over a dozen hotel chains throughout the country, including the hotels of its subsidiary, Defendant Kimpton.

**ANSWER:**

Kimpton is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 10 of the Complaint. Kimpton denies the remaining

allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

Defendant Kimpton is a Delaware limited liability company and subsidiary of IHG that conducts, and is licensed to conduct, business in Illinois. Kimpton is headquartered in California and owns and operates multiple hotels in the Chicago area.

4

**ANSWER:**

Kimpton admits that it is a Delaware limited liability company which has its principal

place of business in San Francisco, California and currently operates four (4) hotels in Illinois.

Kimpton denies the remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Plaintiff Zepeda is, and has been at all relevant times, a resident and citizen of the state of Illinois and has worked at one of Defendants' hotels in the Chicago area.

**ANSWER:**

Kimpton admits that Plaintiff worked at one of Kimpton's hotels located in Chicago and

admits on information and belief that Plaintiff is a resident of the state of Illinois.  Kimpton

denies the remaining allegations in Paragraph 12 of the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶13:**

This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants captured Plaintiff's biometric data and/or biometric information in this State.

**ANSWER:**

Kimpton admits that it does business within Illinois.  The remaining allegations contained

in Paragraph 13 state a legal conclusion for which no response is required.  To the extent a

response is required, Kimpton denies the remaining allegations contained in Paragraph 13 of the

Complaint.  Additionally, Kimpton states that Plaintiff and the putative class members are

subject to binding arbitration agreements with Kimpton which covers the claims asserted by

Plaintiff and the putative class members in this action and which arbitration agreements may be

enforceable by Kimpton.

39750447v.2

**COMPLAINT ¶14:**

Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendants are doing business in Cook County and thus reside there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County, as Defendants and/or their agents captured Plaintiff's biometric data and/or biometric information in Cook County.

**ANSWER:**

Kimpton admits that it does business within Cook County. The remaining allegations contained in Paragraph 14 state a legal conclusion for which no response is required. To the extent a response is required, Kimpton denies the remaining allegations contained in Paragraph 14 of the Complaint. Additionally, Kimpton states that Plaintiff and the putative class members are subject to binding arbitration agreements with Kimpton which covers the claims asserted by Plaintiff and the putative class members in this action and which arbitration agreements may be enforceable by Kimpton.

## BACKGROUND

**COMPLAINT ¶15:**

Illinois enacted the BIPA to regulate entities that collect and store biometric information, such as fingerprints, iris scans, and handprints.

**ANSWER:**

Kimpton denies that Paragraph 15 accurately summarizes or paraphrases the provisions of BIPA. Kimpton denies the remaining allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Under the BIPA, a private entity may not collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifier or biometric information unless it first:

(1)     Informs the person in writing that a biometric identifier or biometric information is being collected;

(2)     Informs the person in writing of the specific purpose and length of time for which a person's biometric identifier or biometric information is being collected, stored and used; and

6

(3)    Receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

**ANSWER:**

Kimpton denies that Paragraph 16 accurately summarizes or paraphrases the provisions

of BIPA.  Kimpton denies the remaining allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Section 15(a) of the BIPA also requires that a private entity in possession of biometric identifiers or biometric information develop:

a.    A written policy;

b.    Available to the public;

c.    Which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

d.    Within three years of the individual's last interaction with the private entity, or when the initial purpose of for collecting or obtaining biometric identifiers and biometric information has been satisfied.

740 ILCS 14/15(a).

**ANSWER:**

Kimpton denies that Paragraph 17 accurately summarizes or paraphrases the provisions

of BIPA.  Kimpton denies the remaining allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

IHG and Kimpton are each a "private entity" as that term is defined under the BIPA.  *See* 740 ILCS 14/10.

**ANSWER:**

Kimpton denies the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

Kimpton is a wholly-owned subsidiary of IHG that controls all aspects of Kimpton hotels, including collection of worker biometrics. IHG is constructively, if not actually, in possession of its workers' biometrics.

**ANSWER:**

Kimpton denies the allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

While most businesses track workers' time using traditional methods, such as punch clocks, Defendants' workers are expected to use their fingerprints to track their time. Defendants accomplish this through the use of biometric timekeeping devices, which capture, store and use workers' fingerprints. These fingerprints constitute biometric identifiers and biometric information.

**ANSWER:**

Kimpton denies the allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Unlike ID cards or key codes–which can be changed or replaced if stolen or compromised–fingerprints are unique, permanent biometric identifiers associated with the individual. This violates workers' substantive privacy rights protected under the BIPA and exposes Plaintiff and Defendants' other workers to serious and irreversible privacy risks.

**ANSWER:**

Kimpton denies the allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Defendants' practices of collecting, obtaining, capturing, storing and using Illinois residents' biometric data are unlawful under the BIPA because such practices fail to satisfy each of the enumerated requirements described above, and therefore severely infringe on their workers' right to privacy with regard to their biometric identifiers and biometric information.

**ANSWER:**

Kimpton denies the allegations in Paragraph 22 of the Complaint.

39750447v.2

## FACTS SPECIFIC TO PLAINTIFF

**COMPLAINT ¶23:**

During the relevant period, Plaintiff worked at a hotel owned and operated by Defendants and located in Chicago, beginning in or about March 2010. For several years, Defendants used various traditional methods to keep track of the time Plaintiff and other individuals worked, such as having workers scan ID cards and requiring that they enter a four-digit code into a machine at the beginning and end of each work shift.

**ANSWER:**

Kimpton admits that Plaintiff worked at one of Kimpton's hotels located in Chicago.

Kimpton denies the remaining allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

However, in or about 2014, Defendants changed their time keeping practices from the more traditional time tracking systems to a system which relies on biometric information and biometric data in the form of fingerprints to track their workers' time.

**ANSWER:**

Kimpton denies the allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Defendants acquired and installed several biometric timekeeping devices at their hotels and required their workers, including Plaintiff, to be fingerprinted by their biometric timekeeping devices, which captured, stored, and used their fingerprints. The workers' biometric information was associated with their identities and used by Defendants to identify and track their work time.

**ANSWER:**

Kimpton denies the allegations in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

After workers' biometrics are obtained and captured by the Defendants, Defendants require such workers to scan their fingers into one of Defendants' biometric timekeeping devices each time they "clock-in" and "clock-out." Defendants' new system ensures that workers can only verify their attendance and timeliness through scanning their fingerprints.

**ANSWER:**

Kimpton denies the allegations in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

In addition to the occasion when workers' fingerprints are initially captured, on each occasion that Defendants' workers in Illinois scan a finger through Defendants' biometric timekeeping devices, Defendants are capturing workers' biometrics without regard to Illinois' statutory requirements under the BIPA.

**ANSWER:**

Kimpton denies the allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Prior to taking Plaintiff's biometric data and/or information, Defendants did not inform Plaintiff in writing that a biometric identifier or biometric information was being collected, stored, or used, nor did Defendants make their policy about collection, retention, and use of such information publicly available as required by the BIPA.

**ANSWER:**

Kimpton denies the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Prior to taking Plaintiff's biometric data and/or information Defendants did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information was being collected, stored and used, nor did Defendants detail how and when they intended to dispose of Plaintiff's information.

**ANSWER:**

Kimpton denies the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Prior to taking Plaintiff's biometric data and/or information Defendants did not make a written policy available to their workers or other members of the public that establishes a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information that it collects, as required by the BIPA. 740 ILCS 14/15(a).

**ANSWER:**

Kimpton denies the allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Additionally, Defendants did not obtain consent for any transmission to third parties of Plaintiff's and other workers' biometrics. To the extent Defendants utilize out of state vendors to

10

operate their biometrics program in conformance with biometric industry practice, Defendants have also violated the BIPA on each occasion they transmit such information to third parties.

**ANSWER:**

Kimpton denies the allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

To this day, Plaintiff is unaware of the status of his biometric data and biometric information that was obtained by Defendants. Defendants have not informed Plaintiff whether they still retain his information, and if they do, for how long they intend to retain it without his consent.

**ANSWER:**

Kimpton denies the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

On information and belief, Defendants do not have a policy of informing their workers in any way what happens to their biometric data or information after it is collected and obtained, whether the information is transmitted to a third party and, if so, which third party, and what would happen to the data and information if an individual discontinues working for Defendants, if a hotel were to close, or if Defendants themselves were to be acquired, sold, or file for bankruptcy.

**ANSWER:**

Kimpton denies the allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

By knowingly and willfully failing to comply with the BIPA's mandatory notice, release, and policy publication requirements, Defendants have violated workers' substantive privacy rights protected under the BIPA, and as a result, Plaintiff and the other members of the Class have continuously been exposed to substantial privacy risks, with such constant and ongoing exposure constituting a severe harm and violation of their rights.

**ANSWER:**

Kimpton denies the allegations in Paragraph 34 of the Complaint.

## CLASS ALLEGATIONS

**COMPLAINT ¶35:**

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass defined as follows:

> **The Class:** All individuals whose biometrics were captured, obtained, stored or used by IHG within the state of Illinois any time within the applicable limitations period.

> **The Subclass:** All individuals whose biometrics were captured, obtained, stored or used by Kimpton within the state of Illinois at any time within the applicable limitations period.

**ANSWER:**

Kimpton admits that Plaintiff purports to bring this lawsuit as a class action pursuant to

Illinois Code of Civil Procedure, 735 ILCS 5/2-801, on behalf of a Class and Subclass as defined

in Paragraph 35. Kimpton denies the remaining allegations contained in Paragraph 35 of the

Complaint.

**COMPLAINT ¶36:**

Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officer or director.

**ANSWER:**

Kimpton admits that Plaintiff purports to bring this lawsuit as a class action on behalf of a

putative class defined in Paragraph 36. Kimpton denies the remaining allegations contained in

Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

**ANSWER:**

Kimpton denies the allegations in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Plaintiff's claims are typical of the claims of the Class and Subclass members he seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other Class members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to all of the other members of the Class and Subclass. As alleged herein, Plaintiff and the other putative Class and Subclass members have all suffered damages as a result of Defendants' BIPA violations.

**ANSWER:**

Kimpton denies the allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

There are many questions of law and fact common to the claims of Plaintiff and the other Class and Subclass members, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

    a.    Whether Defendants collect, capture, store or use the biometrics of Class and Subclass members;

    b.    Whether Defendants develop and make available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by the BIPA;

    c.    Whether Defendants obtain a written release from Class and Subclass members before capturing, collecting, or otherwise obtaining workers' biometrics;

    d.    Whether Defendants provide a written disclosure to their workers that explains the specific purposes, and the length of time, for which their biometrics are being collected, stored and used before taking their biometrics;

    e.    Whether Defendants' conduct violates the BIPA;

    f.    Whether Defendants' violations of the BIPA are willful and reckless; and

    g.    Whether Plaintiff and the Class and Subclass members are entitled to damages and injunctive relief.

**ANSWER:**

Kimpton denies the allegations in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitively expensive, and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**ANSWER:**

Kimpton denies the allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class and Subclass.

**ANSWER:**

Kimpton denies the allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

**ANSWER:**

Kimpton denies the allegations in Paragraph 42 of the Complaint.

## COUNT I

**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(on behalf of Plaintiff and the Class and Subclass)**

**COMPLAINT ¶43:**

Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

14

**ANSWER:**

Kimpton incorporates by reference its answers to Paragraphs 1-42 of the Complaint as if fully set forth herein.

**COMPLAINT ¶44:**

Illinois' BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, the BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

**ANSWER:**

Kimpton denies that Paragraph 44 accurately summarizes or paraphrases the provisions of BIPA. Kimpton denies that it violated BIPA and the remaining allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Illinois' BIPA also requires that companies in possession of biometric data establish and maintain a publicly available retention policy. Companies which possess biometric data must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (companies may not retain data longer than three years after the companies' last interaction with the customer); and (ii) must adhere to the publicly posted retention and deletion schedule.

**ANSWER:**

Kimpton denies that Paragraph 45 accurately summarizes or paraphrases the provisions of BIPA. Kimpton denies that it violated BIPA and the remaining allegations in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Defendants are private entities under the BIPA.

**ANSWER:**

Kimpton denies the allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

Plaintiff and the other Class and Subclass members had their "biometric identifiers," including fingerprints, collected, captured, received or otherwise obtained by Defendant. Plaintiff and the other Class and Subclass members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by the BIPA. 740 ILCS 14/10.

**ANSWER:**

Kimpton denies the allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

Each instance when Plaintiff and the other Class and Subclass members scanned their fingerprints into Defendants' timekeeping devices, Defendants captured, collected, stored, and used Plaintiff's and the Class members' biometric identifiers or biometric information without valid consent and without complying with the BIPA.

**ANSWER:**

Kimpton denies the allegations in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Defendants' practices with respect to capturing, collecting, storing and using biometric identifiers and information fail to comply with applicable BIPA requirements. Specifically, with respect to Plaintiff and the other Class and Subclass members, Defendants failed to:

    a.    Obtain the written release required by 740 ILCS 14/15(b)(3);

    b.    Inform Plaintiff and the Class in writing that their biometric identifiers or biometric information were being collected and stored, as required by 740 ILCS 14/15(b)(1);

    c.    Inform Plaintiff and the Class in writing of the specific purpose for which their biometric information or biometric identifiers was being collected, stored and used, as required by 740 ILCS 14/15(b)(2);

    d.    Inform Plaintiff and the Class in writing of the specific length of term their biometric information or biometric identifiers were being stored and used, as required by 740 ILCS 14115(b)(2); and

e. Provide a publicly available retention schedule detailing the length of time biometric information is stored or guidelines for permanently destroying the biometric information it stores, as required by 740 ILCS 14/15(a).

**ANSWER:**

Kimpton denies the allegations in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

By collecting, storing, and using Plaintiff's and the other Class and Subclass members' biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the other Class and Subclass members' respective rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA. 740 ILCS 14/15(a).

**ANSWER:**

Kimpton denies the allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

**ANSWER:**

Kimpton denies the allegations in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

Defendants' violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements

**ANSWER:**

Kimpton denies the allegations in Paragraph 52 of the Complaint.

### FIRST AFFIRMATIVE AND/OR SEPARATE DEFENSE (ARBITRATION)

Plaintiff's claim, and claims of putative class members, are subject to a binding arbitration pursuant to agreement(s) with Kimpton which cover the claim asserted by Plaintiff and the putative class members in this action and which arbitration agreements may be enforceable by Kimpton. Kimpton's filing of this Answer To Complaint and Affirmative and/or Separate Defenses should not constitute or be construed as a waiver of its right, if appropriate, to seek to compel arbitration, on a bilateral basis, and to stay or dismiss the claims against Kimpton in this litigation based on the arbitration agreement(s).

### SECOND AFFIRMATIVE AND/OR SEPARATE DEFENSE (CONSENT)

Plaintiff's claims are barred in whole or in part because Plaintiff, or individuals/entities with authority to act on his behalf, consented to the conduct alleged to violate BIPA. Plaintiff and/or individuals/entities with authority to act on his behalf, consented to the practices he challenges by expressly or impliedly agreeing to Kimpton's time clock practices and use of a scan of a portion of his finger.

### THIRD AFFIRMATIVE AND/OR SEPARATE DEFENSE (DUE PROCESS)

The individual and class claims for damages asserted in this case are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that he and the putative class members he seeks to represent are entitled to recover $1,000 in statutory damages for each alleged negligent violation of BIPA and $5,000 in statutory damages for each alleged willful and/or reckless violation of BIPA. Plaintiff and the putative class members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under BIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and the putative class members, and therefore any award of statutory damages to the Plaintiff or putative class members would violate Kimpton's due process rights.

18

### FOURTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (GOOD FAITH)

The claims are barred in whole or in part by Kimpton's good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to Kimpton's conduct, Kimpton is not liable because they relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

### FIFTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (ESTOPPEL AND WAIVER)

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or waiver. Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the conduct Plaintiff now complains of. As a result, Plaintiff and the putative class members are barred from bringing BIPA claims under the doctrines of estoppel and/or waiver.

### SIXTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (LACHES)

The claims are barred in whole or in part by the doctrine of laches. Plaintiff alleges that Kimpton's alleged collection and use of his biometric information dates back to 2014. Accordingly, Plaintiff and the putative class members unreasonably delayed before asserting their purported rights under BIPA.

### SEVENTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (LACK OF STANDING TO PURSUE CLAIMS)

Plaintiff and the putative class members lack standing to bring claims for damages and/or injunctive relief. They are not "aggrieved by a violation of this Act" inasmuch as Kimpton has not collected, stored, or sold their biometric identifiers and biometric information. Plaintiff does not allege that the identifying information maintained by Kimpton has been breached or accessed

by third parties. Plaintiff does not allege that he is the victim of identity theft due to Kimpton's practices.

## EIGHTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (PLAINTIFF NOT AGGRIEVED)

The claims are barred in whole or in part because plaintiff and the putative class members are not "aggrieved" within the meaning of 740 ILCS 14/20. Upon information and belief, Plaintiff and the putative class members have not suffered any injuries, have not incurred any harm, and are not entitled to any legal remedies. Accordingly, they are not "aggrieved" under BIPA and may not seek relief under the statute.

## NINTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (RATIFICATION AND ACQUIESCENCE)

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the complained-of conduct, by agreeing to Kimpton's use of the time clock system. As a result, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

## TENTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (STATUTE OF LIMITATIONS)

The claims are barred in whole or in part because, upon information and belief, Plaintiff and the putative class members failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the statutes of limitations. 735 ILCS 5/13-202 (two-year limitations period to recover damages for an alleged injury to the person or a statutory penalty); 735 ILCS 5/13-201 (one-year limitations period for publication of matter violating right of privacy).

39750447v.2

## ELEVENTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (SUBSTANTIAL COMPLIANCE)

The claims are barred in whole or in part because, to the extent that BIPA applies to the conduct alleged (which Kimpton denies), Kimpton substantially complied with the requirements of BIPA. BIPA is not implicated by Kimpton's time clock system and BIPA requirements are satisfied by the disclosures that Kimpton employees acknowledge at or around the time of their hiring.

## TWELFTH AFFIRMATIVE AND/OR SEPARATE DEFENSE (SUBSTANTIAL COMPLIANCE)

The claims are barred because defendants have not collected, stored, or used employees' biometric identifiers or biometric information in the context of employment. Plaintiff bears the burden of proof in showing that a biometric identifier of a person was collected, captured, purchased, received through trade, or otherwise obtained by Kimpton. Plaintiff and the putative class members cannot make such a showing because Kimpton and its time clock system did not employ or use a biometric identifier or biometric information within the meaning of BIPA.

39750447v.2

**DATED: August 30, 2017**

Respectfully submitted,

KIMPTON HOTEL & RESTAURANT
GROUP, LLC

By _____ /s/ Thomas E. Ahlering ___
                One of Their Attorneys

Michael J. Burns (*pro hac vice*)
mburns@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549
Firm I.D. No. 90747

Thomas E. Ahlering
tahlering@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

39750447v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of August, 2017, I electronically filed the foregoing

DEFENDANT KIMPTON HOTEL & RESTAURANT GROUP, LLC'S ANSWER TO

COMPLAINT AND AFFIRMATIVE DEFENSES with the Clerk of Court by using the

CM/ECF system, which will send a notice of electronic filing to all counsel of record including

the following:

> Evan M. Myers
> David L. Gerbie
> William P. Kingston
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL 60601

> <u>/s/Thomas E. Ahlering</u>
> Thomas E. Ahlering